[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16162
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00066-CV-ORL-35-DAB

ROBERT G. SWOFFORD, JR.,
an individual,
SHARON L. SWOFFORD,
an individual, his wife,

Plaintiffs-Appellees,

versus

DONALD ESLINGER,

Defendant,

WILLIAM MORRIS, JR.,
RONALD REMUS,
in their individual capacity,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 1, 2010)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Deputies William Morris and Ronald Remus of the Sheriff's Office of Seminole County, Florida, appeal the denial of qualified immunity against Robert Swofford's complaint of excessive force. The district court concluded that genuine issues of material fact barred summary judgment, and we affirm.

The Swoffords filed a complaint against the deputies and Sheriff Donald Eslinger about injuries from an encounter between Robert Swofford and the deputies. Swofford, who encountered the deputies while armed and investigating a possible trespass on his land, alleged that the deputies used excessive force to disarm him. The deputies moved to dismiss the complaint based on qualified immunity, which the district court denied.

We review de novo the denial of summary judgment based on qualified immunity. Skop v. City of Atlanta, GA, 485 F.3d 1130, 1136 (11th Cir. 2007). We construe all facts and make all reasonable inferences in the light most favorable to the nonmoving party. Id.

The district court did not err when it ruled that Morris and Remus were not entitled to qualified immunity. The record reveals material issues of fact about

2

whether the deputies identified themselves to Swofford, the position of Swofford's gun, the need for Morris and Remus to shoot Swofford, and whether Remus should have intervened to prevent Morris's use of force. Morris and Remus testified that they identified themselves and warned Swofford repeatedly, but the radio transmission from the scene did not record the deputies speaking before they fired their guns, and that recording is consistent with Swofford's version of events. The deputies also gave inconsistent statements about the position of Swofford's gun during the encounter. The deputies acknowledged that Swofford, a white male, did not match the description of the Hispanic suspects for whom the deputies were searching and that Swofford was likely the owner of the property. A reasonable jury could find that Morris and Remus violated Swofford's clearly established constitutional rights.

The denial of qualified immunity is **AFFIRMED**.